UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENNIS MASSARI,

        Plaintiff,

     v.                                            23-CV-446 (JLS)

PAUL RYERSE, individually and in his
capacity as the Code Enforcement
Officer for the Town of Evans,
CHARLES L. LABARBERA,
individually and in his capacity as the
Code Enforcement Officer for the Town
of Evans, JESSE GILBERT,
individually and in his capacity as the
Code Enforcement Officer for the Town
of Evans, JOSEPH BOBERG,
individually and in his capacity as the
Code Enforcement Officer for the Town
of Evans, and RICHARD VACILE,
individually and in his capacity as an
employee for the Town of Evans,

        Defendants.
_____

## DECISION AND ORDER

      Plaintiff Dennis Massari initiated this action against Defendants individually and in their capacities as employees or officers of the Town of Evans. Dkt. 1. Massari contends Defendants violated his constitutional rights by issuing several false criminal charges against him to coerce Massari to construct drainage mechanisms on his property. *Id.* Defendants filed a motion to dismiss. *See* Dkt. 10.

On March 27, 2024, Judge Roemer issued a Report and Recommendation ("R&R"),[1] recommending that this Court deny Defendants' motion to dismiss as to Massari's: (1) malicious prosecution claim against Defendant Gilbert with respect to the December 27, 2019 charges; (2) malicious prosecution claim against Defendant Boberg with respect to the February 23, 2022 charges; and (3) abuse of process claim against Defendant Boberg with respect to the February 23, 2022 charges. *See* Dkt. 19, at 40. Next, the R&R recommended that this Court grant the balance of Defendants' motion to dismiss. *Id.* Finally, the R&R recommended this Court grant Massari's motion for leave to amend his complaint. *Id.*

Both parties objected to the R&R (Dkts. 20, 22), and those objections are fully briefed (Dkts. 24, 25, 26). A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. section 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

---

[1] This Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. sections 636(b)(1)(A), (B), and (C). Dkt. 12.

This Court carefully reviewed Judge Roemer's R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts the R&R's recommendations. *See* Dkt. 19, at 40.

## CONCLUSION

For the reasons above and in the R&R, the Court DENIES Defendants' motion to dismiss (Dkt. 10) as to Massari's: (1) malicious prosecution claim against Defendant Gilbert with respect to the December 27, 2019 charges; (2) malicious prosecution claim against Defendant Boberg with respect to the February 23, 2022 charges; and (3) abuse of process claim against Defendant Boberg with respect to the February 23, 2022 charges. The Court GRANTS the balance of Defendants' motion to dismiss (Dkt. 10).

Massari's motion for leave to amend (Dkt. 13) is GRANTED. The Court grants Massari one final opportunity to amend his complaint. The case is referred back to Judge Roemer consistent with the July 26, 2023 referral order. Dkt. 12.

SO ORDERED.

Dated:   May 10, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE